We'll start right away with People of the State of New York v. Donald J. Trump, case number 242299. Good morning, Mr. Wall. Good morning, Judge Lohier, and may it please the Court. For the first time in our nation's history, the President of the United States has been criminally prosecuted by a local district attorney. The President's challenge to that prosecution belongs in federal court for three reasons. First, as the D.C. Circuit recently concluded, removal is available as a statutory matter even after a state trial court judgment. So second, the President more than colorably satisfies the statutory criteria for removal under Section 1442. And third, the President had the necessary good cause under Section 1455 to seek removal after trial, because the arguments he raises were not available to him before trial. Standing here today, we now know that this prosecution rests on a federal law violation and evidence protected by a federal constitutional immunity. A case like this is why federal officer removal exists in the first place. So can you tell me, what do we do about the language limiting removal to 30 days after arraignment or before trial? So that's certainly the default, but then of course, 1455b1 goes on, Your Honor, to say, except that you can remove at a later time as long as you show good cause. And what every court to consider this, either in 1445 or the analogous statutes for the FDIC and the NCUA, those are pages six and seven of our reply brief, has said, there's no time limit on the back end. There is a requirement that you show good cause. But has any court, to your knowledge, allowed a post-judgment removal of a criminal case? Well, the case of Harris was a civil case, obviously, and the other cases, FDIC and the NCUA, by definition, are criminal cases, but the DC Circuit in Harris was construing 1455. That applies as, you know, 1442, as the court knows, applies to both civil actions and criminal prosecutions. Nothing about the DC Circuit's reasoning turns on civil versus criminal. There's not a word in the DC Circuit's opinion that says anything about civil or criminal. What it says as a statutory matter, correctly is, there are statutes, like with the Federal Reserve, that say you have to remove before trial. This one doesn't. It's a 30-day default, but then later you can remove if you can show good cause. So as a statutory matter, every circuit to consider the question, Judge Perez, has said, considering this language or similar language, you can remove after trial. I think the real questions here are, okay, do we satisfy 1442? I think we plainly do. We have relating to official acts. We have two federal defenses that are not just colorable but correct. And then the second is, have we shown good cause for moving after trial? And in our view, we clearly have, because we had an intervening watershed decision of the Supreme Court that said, there's a federal constitutional immunity at play here. Your federal defenses are the FECA preemption defense? And the presidential evidentiary immunity, yes. And presidential immunity, but I understood that to be more an evidentiary claim, is that right? So it's not that the President is presumptively immune for acts taken when he was not President and that are charged in this indictment, but there is evidence used at trial, is that right? That's right, there are separate presidential immunities, but our defense here is based on the Supreme Court's decision in Trump. It's an evidentiary immunity, you're right. It's an evidentiary immunity, so you're not claiming a presidential immunity per se, in terms of what the colorable federal defenses are. That's right, our claim is narrower than that, Your Honor. It is the Supreme Court in Trump said, certain kinds of evidence can't come into a case against the President, and that's not governed by rules like harmlessness. That's a structural error. And is there another case in which an evidentiary immunity related to a federal, is claimed as a federal defense, has served as a basis for removal? Well, it arises very rarely, Your Honor, because where you're talking about an evidentiary immunity, the only two that I know of would be the presidential immunity the court recognized in Trump and the speech and debate clause. And so you'd have to have a case where a state or local official prosecutor said, we're not going to introduce this evidence against the President or a congressperson, and then did. And that triggered the immunity, and then you tried to remove after trial. I'm not aware of a case like that, but I have to say, I think if a prosecutor said, we're not going to introduce anything covered by the speech and debate clause, and then did. And that congressperson came into federal court and said, they've triggered the immunity, we belong in federal court. I don't think it would be a hard question that that is structural error, and that is absolutely good cause for a post-trial removal. I think if this were a speech and debate clause case, same answer, you'd be able to come into federal court. After all, the district attorney holds the keys in his hand. He doesn't have to introduce any of this evidence. Federal officers get prosecuted all the time for things that have nothing to do with their job. But if a state or local attorney says, we're going to put into evidence things that have to do with the way you do your job, then they've triggered a uniquely federal interest, and Congress says you belong in federal court. Is it any evidence that involves a federal officer's official acts at all, no matter how attenuated from the charge conduct? Is that the position, or is it narrower than that? I think there's a broader position, and there's a narrower position. I don't think the broad position actually picks up very much, but I think at its broadest, you would say, once you've introduced evidence that relates to your official duties or responsibilities, you've triggered 1442A1. You come into federal court because you've put at issue something federal. There is a narrower position, though, Judge Lowy, I don't need you to agree with me on that, which is at a minimum, whatever relating to means. When you are talking about the president or members of Congress, if you introduce evidence that triggers a constitutionally based immunity, then at a minimum, it relates to their official acts, because it would be- Why wouldn't that prong be understood to focus on the charge conduct, and whether the charges themselves are for the relating to official acts? Your Honor, I think that argument would have been wrong but available before 2011, because you would say it's not a prosecution for the official acts. But Congress in 2011 adds relating to, and every court to consider this, the Fifth Circuit's en banc decision, Latioli is very good on this, said, relating to, very broad language. The Supreme Court says it's about as broad as it gets, and Congress broadened the statute when it put it in. So for might pick up only things that are causally connected or based on charge conduct, but relating to is much broader than that. Once you introduce evidence that triggers a constitutionally based immunity, I don't see how you could say you have a federal constitutional defense that the evidence can't come in, but you're not even related to the officer's official acts. I just don't think that makes any sense. Could you take a minute and describe, please, the procedure that you envision applying? It's obviously quite anomalous for a case to be removed at an appellate stage, and there's some different circumstances. Harris is kind of anomalous in itself, since service had never been made, and we had a federal institutional defendant rather than a federal officer. But I take it that you would like to have something like the district court does something, and then an appeal comes to us to consider questions that are also available in the now pending state appellate proceedings. So if you could spell out some detail, what would happen in the state courts, what would happen here, that would be appreciated. Sure, it's a great question. So Judge Henderson and her concurrence in the DC circuit walks through the different approaches that courts have taken to this question. Which- I know that Judge Henderson took advantage of that opportunity to spell out different proceedings that might go forward in different ways that might be taken. But those were in kind of special proceedings. I mean, the RTC cases are their own group and have their own removal statutes and so on. But I would just like you to describe yourself what would happen. So, fair Judge Carney, I don't think that the courts that have used Rule 59, not used it, adopted the judgment. I don't think any of it is turned on sort of the special nature of any of the proceedings. But certainly, because all courts have allowed removal, they have had to deal with the procedural question, they've taken different approaches. We have said we don't care how it comes to this court, but I'll tell you what I think the right answer is. Yes. I think the right answer is what Judge Henderson said in her concurrence in the DC circuit, which is under 28 USC 1450, all of the things that have happened in the state court by statute remain in force and effect in the removed federal proceeding unless dissolved or modified by the district court. And the record of the state trial court becomes the record is adopted by the federal district court here? Absolutely, that's what 1450 says. Everything remains in full force and effect unless modified by the district court. So I think what would happen is you would reverse the district court for abusing its discretion and not allowing us to file the notice. Once the notice is properly filed in the district court, the state courts are divested of jurisdiction, that's black letter law. This, by the way, sorry to interrupt, but that could occur at any point, including up to the point where the new court of appeals has got a pending matter, is that correct? Well, yes, although that's not a serious concern, but if I could just finish the procedural question and come back to that, Judge Loyer. At that point, all the district court has to do, and they do this all the time, is reduce something to a written order, right? I think 1450 arguably says you don't have to do that, but at the least, the district court would just adopt the state court judgment as its own, as Judge Henderson says, and it would come up on appeal to this court. In fairness, Judge Loyer, to your question, yes, as a technical matter, as a statutory matter under 1455B1, there's not a time limit on the back end. But it's going to be harder and harder to show good cause the longer a state court proceeding goes on. But why? I mean, what if the appeals court, the appellate division ruled against you and they brought an appeal to the New York Court of Appeals, and the Trump decision is amended, or the immunity decision is altered, or further case law develops. So there's nothing in the statute, there's no endpoint in your position, I take it. You show good cause at a later point, right? Judge Carney, you're right, I think that's a feature, not a bug of our approach. I mean, this is a class of one, so it's not like this happens often. But here, it was because there was evidence that came in a trial that triggered an immunity that the Supreme Court recognized after trial. Now, it's very difficult to imagine what would then happen through playing out the appeal that would trigger the federal right, except for an intervening decision of the Supreme Court. And if an intervening decision of the Supreme Court says that a case is of the kind that should come into federal court, of course you trigger the removal statute, but again, that's a feature, not a bug. And so after the New York Court of Appeals entered its final decision, and then the Supreme Court issued a ruling that you thought affected your immunity claim, would we be obligated to reopen the proceedings, for example, in federal court? I think the defendant could move that case to federal court, Judge Carney. But again, the only circumstance in which we can imagine that is where you have state courts saying, there's nothing federal about this case. And then the Supreme Court comes in and says, there's not just something federal about it, there's something constitutional about it. And if a normal federal officer can move a case in a federal court, surely the President or a Congress person ought to be able to when the Supreme Court explicitly says, this is a federal case. Am I right that in, if you're right, and if this were removed, just to follow up on Judge Carney's set of questions, practically speaking, if there were a series of issues of state law, and I think you've already conceded or acknowledged that this is really a state law, largely state law issues. No? Okay, you've not conceded that. So aren't there substantive state law issues, even if it's removed, that a federal court of appeals or any federal court would have to grapple with in connection with this case? So let me say two things, Your Honor. First, it is possible, as in any federal officer case that's removed, diversity cases, all the rest, that the federal court will apply the state law. The Supreme Court in many pennies said, when you remove a federal officer, criminal prosecution of 1442, you apply the state law. That happens all the time. The second thing I would say is, no, I don't think that properly handled, this case should turn on state law issues. There are two federal defenses here that should dispose of this case. We have a Supreme Court decision that says, this evidence can't come in, and it's structural error. Doesn't use those words, but everything about its reasoning says, there's no harmless error analysis here. That's alone enough to wipe away the conviction. We briefed that in the state court. I think the state court judge got that wrong. And the second is the FICA preemption. And the district attorney in all the briefs still does not have an answer to why the state is allowed, or the district attorney is allowed to effectively enforce a federal campaign law that has the broadest preemption clause I think I've ever seen. So I think that this case should be disposed of federal law. So let's say that a federal court disagrees with you on both points, and then it's stuck with a state law set of issues. Is that fair? So I think if you disagree with us on both of the federal defenses, you'd get to state law issues. But none of that should be relevant to this appeal, Your Honor. Those are merits questions. The question here is, have we made a colorable showing? Those are the Supreme Court's words, an adequate threshold showing, the Supreme Court in Jefferson County says on 1442. If we've made a colorable showing that this relates to official acts, which we have because we have a Supreme Court decision that says some of the evidence does, says it explicitly. And we have colorable federal defenses, then we come into federal court, and everything that we're talking about, Judge Lillian, that's on the merits. That's not relevant to jurisdiction. But still, the Supreme Court has said that in state criminal prosecutions, the state has a weighty interest in pursuing those, and the federal government, as a dual sovereign, should be respectful of those. And so there's balancing to go on with the federal interest as well as the state interest. Here we have a conviction that's already been entered that's on appeal. You're entitled to, and I presumably have raised the arguments you've raised here, both federal and state. In the appellate division, it would be entitled to go further to the New York Court of Appeals, and from that point on to the Supreme Court. And we have complicated both procedural as well as jurisdictional issues here, and this is anomalous. We really don't have any, there's very little law, in fact, no law in the criminal area, and only civil commentary to allow removal after entry of a judgment. So why shouldn't we be looking for some more specific signs that Congress actually intended this? So I would say two things, Judge Carney. First, I agree with you that it's anomalous, but for a different reason. It's the first ever prosecution by a district attorney of a president. The district attorney said, this is at page 197 of the JA, this is not going to relate to his official duties, and we have no idea whether FECA will actually be in play. We now know from trial that both of those things happened. We had official evidence, acts evidence covered by the immunity, and FECA was very much in play. But the second thing I would say is, with all respect, you're right, it is a balance, and the state does have an interest, but Congress already balanced in the statute. It said for federal officers, that's a federal interest, and as long as you have colorable federal defenses and it has something to do with your job, you get to come into federal court notwithstanding the state's interest. And I don't think the court gets to redraw that balance. It just has to ask, have we satisfied the statute? And we have. But you've already acknowledged, though, that this is an evidentiary immunity you're asserting, not an immunity for acts taken, charged and taken, while the president was, in fact, holding that office. Is that right? Yes, but the nature of that immunity doesn't matter because of what the Supreme Court says about it, right? Justice Barrett didn't want to recognize the evidentiary immunity. She disagreed with the majority, and the majority said, we think that the underlying protection of the institution of the presidency, not the president himself, the institution, is so important that we're going to adopt the evidentiary immunity. And they say, the usual prosaic rules are not an adequate safeguard. So they're saying, no evidence like this can come into a case like this at all. It's structural error. So as a sort of defensive matter- I have to say, there's evidence like this, and there's line drawing to be done still. I mean, just any conversation that took place in the White House isn't by virtue of its location part of an official actions, right? Judge Cronin, I think there could be hard lines for some of the evidence. But two of the kinds of evidence that came in at trial are specifically called out by the Supreme Court in its decision. The president's tweets, that's at pages, I think, 23, 41 of the decision, and the evidence about the president's supposed conversation with the attorney general. That's an example that the Supreme Court gives in Trump. It's with respect to the attorney general itself. It's the same cabinet officer. And both of those in the opinion, the Supreme Court could not have been clearer, trigger the evidentiary immunity. So I don't see how there could be any reasonable doubt that at least some of the evidence that came in here relates to the official acts and is covered by the immunity. And once you have anything that relates to the official acts, it's settled law, you get to come into federal court under 1442. Have you raised those arguments also in the appellate division in the New York State Courts? We absolutely, as soon as the decision came out. That's why they're blaming us for the delay is so unfair. As soon as the decision came out, we briefed this in front of Justice Merchant. It took us about a month, right? And he then eventually said in August, I'm going to rule on that in September, and then I'm going to have a sentencing two days later. So he broadcast what was going to happen. And at that point, within just a matter of weeks, we came in, we filed a 60 page removal notice. And Judge Hellerstein rejected it the same day with really a paragraph, or in truth, really a sentence of reasoning. Didn't address any of our arguments in truth about Trump or the evidentiary immunity. So of course we're going to raise the arguments in state court. But the point of federal officer removal is that the federal officer is entitled to a federal forum, not to have those arguments heard in state court. And if that's true for a normal federal officer in a normal criminal prosecution, it certainly ought to be true for the President of the United States. And for what we can all recognize is an anomalous, one of its kind prosecution. So can I ask, could you articulate, or how you believe we should articulate what good cause is? So I think that the statute gives you an indication on that, your honor, because it says you can come in with a second notice of removal on grounds not existing earlier in time for your first notice. And so I think that the best definition of good cause is, does the removing party have grounds that could not reasonably have been raised at the earlier time within the statutory default? So when you were in state court, though, you originally didn't put forward an absolute immunity, right? It was just a supremacy clause argument. So what was precluding you from making the argument that eventually came down that you think caused this sea change? I think the question is, what prevented us from making the argument to federal court in our first notice of removal? And nothing did, we made the arguments. It's just they were rejected by Judge Hellerstein. And we then went back down to the state court for trial, and then two things happened, right? We had said before, this is going to be about official acts. And the district attorney said, this is page 197 of the JA, this is not going to have anything to do with the President's official acts. And we said, FICA is one of the ways you can violate the state statute that triggers preemption. And the district attorney said, we have no idea whether we're going to rely on that, and FICA's going to be at play. And Judge Hellerstein deferred to that, and sent us back down to state court. And so then, Your Honor, two things happened. The evidence came in at trial that we now know triggers 1442. I think that would have been true before the Supreme Court's decision, but it's certainly true now. I'm sorry, I do want to hear your answer, and I don't mean to cut you off. But one of the, I would hope that in your answer, you would explain why you aren't effectively taking the position that you're allowed to wait, litigate, and if the state court rules against you, then say that it's been crystallized in you. So if you could incorporate that into your response. Sure, so we didn't just sort of sit on our rights. We did try to come to federal court, and Judge Hellerstein said no. And he said no in part because the district attorney said, we don't know if this case is going to be federal. And Judge Hellerstein said, I don't think it's going to be federal. And to the extent they're invoking FICA, we don't know if that's ever going to be at play. And then two things happened at trial. The evidence came in, and then at the jury charge, the very last minute, the only state predicate is the unlawful means in the election law statute 17-152. And they put to the jury FICA as one of the possible unlawful means. So then we are sitting there. We now know what the trial is about. We now know that the legal theory can rest at bottom on a federal law violation. We gave the state court judge an opportunity to address the immunity issue, and then we came straight to federal court when he got it wrong. And I guarantee you, Your Honor, if we had not let Justice Merchant address that, if we had come straight to the court after the Trump decision, the district attorney would have said, wait a minute. Justice Merchant has said he wants briefing on the immunity issue. For all you know, you don't need to be here. He may recognize that the conviction has to be set aside under the immunity. So we gave him a shot. In our view, he got it wrong, and here we are. And so I think we sort of have good cause in spades. I don't know what a reasonable litigator would have done in these circumstances differently from what we did. But you would agree that there was nothing preventing you from seeking removal immediately after the Trump decision? We could have come up immediately, Judge Loyer. I just think we clearly would have been criticized, because if the concern is about stepping on state courts, we reasonably gave the state court judge an opportunity to address the effect of the Supreme Court's decision. And only when he said, I'm going to delay that, I'm going to rule on immunity on September 16th, and I'm going to sentence on September 18th, two days later. Only then did we say, well, wait a minute. We're not going to be able to take an interlocutory appeal of that ruling. And it sure looks like he's going to deny it, because he's setting sentencing. So we've given him a fair opportunity, and now we come to federal court. So I don't, Judge Loyer, you know, Judge Hellerstein said some things we disagree with. But the one thing he did not say was that we hadn't shown good cause under 1455, because we had somehow unreasonably delayed. And on the facts here, there was nothing unreasonable about this delay. We gave the trial court about a month, and then within a matter of weeks, we came up and we filed a 60 page notice fleshing out all of these arguments. And then as I say, the district court rejected it the same afternoon with really only a sentence or two of reasoning that doesn't address any of the arguments that are now in front of you. Thank you very much. You should reserve some time for rebuttal, yes, three minutes. Thank you. Thank you, Mr. Bull.  May it please the court, Stephen Wu for the people. Removal is inappropriate at this stage for three independent reasons. One is that after sentencing, removal is no longer available under the removal statutes. Second, even if it were technically available, there are compelling reasons not to permit it here, given the late stage of the criminal proceeding, which defeats any claim of good cause. And finally, there are no grounds for federal officer removal, including after the intervening Supreme Court decision. On the availability of removal itself, the driving purpose of federal removal is to make a- Excuse me, I'm going to interrupt for just a second. You initially took the position that the case is moot and that removal was therefore not available. Is that different from what you're arguing now? No, it's the same argument. I'm just using somewhat different words to describe that. Well, mootness does have different connotations. It has different connotations. Right, but are you saying as a statutory matter it's not available? Correct, and the reason we raised it as mootness was because at the time of the district court's decision, the sentencing had not yet happened. So the district court did not have the opportunity to consider this argument. The sentencing came in after the district court declared that there was no good cause for a second and untimely notice of removal. And the reason the statute doesn't permit removal after sentencing is because the purpose of removal under the federal officer statute is to make a threshold determination at the start of a case about where to hold the criminal trial. It is not to divert a state criminal proceeding into a federal court for direct appellate review. That offends fundamental principles of respect for state sovereignty over the criminal process. We know this is true from the text of the statute, which as Judge Carney pointed out, contains extensive provisions about what to do while a case is pending in the state trial court, including an unusual provision that says the filing of a notice of removal does not stay the state criminal proceeding, which is very different from the rule in civil proceedings. Is it your position that the case is no longer pending in the state courts? That is an argument that we have made. We understand the DC Circuit disagreed with that in the Harris decision. What's your position? And I think the stronger argument here is sort of something that you pointed out, right? Which is that when Congress has legislated specifically on the question of what to do before the entry of a final judgment in 1455, and is completely silent, completely silent about the procedures in the complicated area of a post-judgment, post-sentencing removal, that in the context of a criminal case where the interests of the state are heightened, that you should read into that silence a decision by Congress not to legislate in this area. All it says is that you can obtain removal later for good cause shown, right? That's correct. But what Congress also did say was it provided four procedures for what to happen before sentencing occurred. In every single one of those cases, it presumed that the district court would be the one to be making the initial determinations of what to do with a removed case, including under 1450, the decision of what prior orders, injunctions, and proceedings to adopt or modify. And in none of those circumstances is there a provision about how late in the appellate process removal can occur, or what to do if the state is, if the case is, for example, pending at the New York Court of Appeals instead of pending in the Appellate Division First Department. Well, there's two ways to read that silence, though. One could be the way you read it, but another way is good cause answers it. And good cause, therefore, suggests that at any point in time, provided that there's good cause, it could be removed. So how are we choosing between these two competing interpretations? Well, we certainly don't think there's good cause here, which I will get to, which I will get to as well. Good cause. You don't need to worry about that in this answer. But I think the tie break here comes from the fact that this is a state criminal case. And both in the removal statute itself and in other doctrines, both this court and the Supreme Court have recognized the uniquely compelling interests in avoiding federal interference with a state criminal proceeding. We know this is true in the removal. Wouldn't that also be dealt with in the good cause analysis to be able to weigh those competing interests? I think it could be. And so maybe I'll go to that. Even if it's available here, even if removal is available here, which as you've pointed out, no federal court has ever found in the post-sentencing context. Even if it's available, the fact that we are now past the point of sentencing would be a compelling reason to find no good cause for removal. And again, that's where the competing interests come in. In the removal statute, there's an unusual provision allowing a criminal trial to proceed even with a notice of removal, a different rule from a civil proceeding. The Supreme Court has recognized in cases like Younger that you generally avoid federal judicial interference in state criminal proceedings specifically. And so the late stage of this proceeding would provide a reason for a lack of good cause to interrupt the state proceeding at this point with federal appellate review. Nonetheless, the intervention of the Supreme Court's decision and its comments on evidentiary matters related to presidential immunity. It was very late breaking here. And there's a strong interest as well that these removal statutes reflect in providing a federal forum to assess and adjudicate federal defenses related to a federal officer. And the expansion of the language to, or related to, just rather than for in federal prosecutions, suggests that Congress has weighty interests in its mind in providing such a forum. And may suggest that in some cases, good cause could be shown and certainly that the end of a trial doesn't signal the end of a removal possibility. Isn't that a fair interpretation that there are competing policy interests reflected in the removal statute? Well, you said a couple of things there, let me begin with the issue of the intervening Supreme Court case. Right. I do think it is critical for the good cause analysis there. That the Supreme Court case came down on July 1st, and defendant did not seek to remove to federal court until two months later. The statute says that removal should happen within 30 days of arraignment. And so there's an expectation that 30 days- You heard Mr. Wall's answer to my question. Which is that he was actually, they were actually giving an opportunity to the state court to deal with some issues. But I think that makes the question worse, not better here. Because what defendant did is instead of doing again what the removal statute envisions, which is making a threshold choice of which forum to go to for the resolution of a federal issue. Instead, made the deliberate choice to elect a state court forum in the first instance to litigate over questions of federal court immunity. And it is worse, not better, for questions of resolving disputes between federal and state courts. That they first went to the state court, fully briefed not just immunity, but also recusal and sought a stay of the sentence. He did so in a deliberate attempt to get state court relief there. And only then came to this court, or rather to the district court, to seek federal court relief. That was a- So that two month delay, so even if we, you're saying, I think, that even if we agreed with Mr. Wall that the Trump case, the decision rendered the case removable, where it wasn't under previously existing law. There was no good cause. That's because of this two month delay. Well, that's one of the factors here, that's correct. And the reason it's reasonable, it's reasonable to hold defendant to something like a 30 day time period, is the removal statute says you have 30 days to remove from arraignment, when the defendant first receives notice of a criminal case. You would apply the same basic deadline, even if you assume that the Supreme Court's July 1st decision sort of restarts the clock. Mr. Wall also pointed out though that Judge Hellerstein did not rely on unreasonable delay as a basis for denying removal. That's correct, but I don't think there's any barrier to this court relying upon unreasonable delay as an alternative ground for affirmance on the lack of good cause here, because it's plain from the record. And what's also plain from the record is a lack of any reason from the defendant here that they waited two months. There was no barrier to proceeding. To the contrary, they had fully briefed this issue in the state court. Were you prejudiced by that delay? Well, we were prejudiced by the delay, and the state courts were prejudiced in this way. In that they became embroiled in the legal dispute about immunity, teed up the issue for what the Supreme Court in this proceeding said is the ordinary course on appeal, before defendant has come back to this court and asked for the proceedings to be wrenched out of their ordinary course, and prejudice. The people will argue in any court that this court deems fit. But at the end of the day, what the removal statutes reflect is a judgment that except in extraordinary circumstances, state criminal trials should stay in state court. And they have not shown a reason to deviate from that here. But so, doesn't it also reflect, don't these statutes also reflect the interest that I was, policy interest I was expressing earlier to provide a federal forum when federal policy questions and federal officers are being prosecuted? It does in the abstract, Judge Carney, but that interest is not implicated here under the federal removal statute. And let me get to the merits of that very briefly. The two requirements here are that the prosecution be forward relating to enacting a color of office, and that there be a colorable federal defense. Here, there is no dispute. Defendant has conceded the criminal charges, the underlying criminal charges, relate to purely unofficial private conduct. District court found that. Defendant did not appeal from that determination. Instead, they're claiming that the introduction of evidence from his time in the White House, which is not all the evidence in the case, just some of it, somehow implicated a federal defense. But I think they're conflating an important distinction here, which is that evidence intrinsic to the crime, evidence of the crime itself, is not the same as all evidence that might be relevant to the crime, which I think was Judge Loyer's question. There are lines to be drawn here. And here, the crime was complete. The crime was committed before the evidence that defendant complains about here. None of that evidence is about the acts of the crime itself. So why was it relevant? It was relevant because defendant was talking about the crime that he had committed before he came into the White House. But the standard is only colorable, right? That is correct. So isn't the defense, with at least respect to the discussions with the Attorney General, that doesn't even meet the standard of colorable? It does not. So there might be a colorable argument that the evidentiary immunity claim recognized in the Supreme Court is available. I'm talking now about whether the introduction of that evidence makes this case for or relating to an act under color of office, which I don't think is a plausible claim here at all. I mean, to give a hypothetical here, if a defendant who's a postal worker commits a robbery on the streets outside of his job, goes into the office, confesses to the robbery to his boss in uniform, and that confession is then introduced at trial, introducing his workplace confession at the trial doesn't make the prosecution for an act under color of his federal office or relating to that act. It might be the prosecution related to it. It doesn't make it related. So why did Congress amend the statute in the way that it did 14 years ago? So the reason it amended the statute, under the old standard, which the Supreme Court announced in SOPR, the criminal prosecution literally had to arise out of some official action, some federal conduct from the defendant, either the institution or the individual. Relating to meant there was now a somewhat looser standard there. You no longer had to find federal actions directly led to the conduct at issue. I mean, instead, it could be related to it. But the core question is still whether the acts constituting the criminal misconduct had some relationship to an official duty. And here, if you look at the acts related to the criminal charges, there is no such relationship. Most of the evidence that they're complaining about that was introduced at trial are situations where defendant or others were reflecting on, were commenting on, the private misconduct that he committed earlier. And that is just not the same as using that evidence to prove the act itself. And what about the Federal Election Campaign Act defense? So the preemption defense has two problems. One is that this argument was raised in the previous removal proceeding. District Court rejected it. And there's no good cause to allow defendant to raise it now because there has been no intervening law that has changed the underlying preemption question. And of course, you can raise that on direct appeal. Defendant points to two Supreme Court cases that he claims changed the law and justifies raising it now. But neither of them really affects the law in a way that favors him. Loper-Bright, which overturned Chevron deference, at best overrides the FEC's preemption provision. But the preemption regulation was one that defendant relied on, not the people and not the district court. And then Trump versus Anderson, which is the 14th Amendment case, is not about the FEC, not about FECA, not about preemption at all. And so this is a case where there's a threshold barrier to raising it, which is they would have to establish good cause to raise this ground again a second time, and they haven't done so here. So Mr. Wall started out, and I think you might agree that this is a pretty extraordinary, highly unusual case. Do you agree with that? In some respects, yes. But in some respects, no, Judge Loya. And what I'll say is this. Yes, it is unusual for this criminal case to have taken place. This defendant is an unusual defendant. But it is very far from unusual from a criminal defendant after being sentenced to claim, one, that an intervening court decision favors his appeal, and two, that there were trial errors that he would like to object to. Those are commonplace grounds. And at the end of the day, the arguments that they're making are essentially that those grounds entitle someone who has a colorable federal defense to take a case that they could pursue on direct appeal. There's no barrier to pursuing a direct appeal here in the state courts and instead elect a federal forum. What's interesting about this, potentially, is that Judge Hellerstein didn't even allow the president to file a second removal notice. That would have allowed him maybe to conduct an evidentiary hearing, fully consider the merits, and so on. At the very least, why not do that? Well, because the statute says the district court has the discretion to decide whether there is a good cause to allow a second notice of removal. Even when there is good cause, the district court isn't required to allow a second notice of removal. It may grant a notice of removal in this case. What factors should we consider in that second step? Sure, so there's a couple. One is the timing issue that I mentioned before, and the fact that rather than promptly seeking relief from the federal court for the second notice of removal, defendant instead chose to pursue his arguments in state court. Two is the fact that this is a case now, as we now know from the trial, where there are significant state law issues that may very well be case dispositive. And where even the federal law claims that they're raising are intertwined with those state law issues. Which means that removing it at this point may mean, as Judge Lloyd pointed out, that the federal court will be left resolving state law issues rather than federal law issues. What's an example of one of those state law issues that this court might be required to certify, for example, to the New York Court of Appeals, where we do consider an appeal in this posture? So a major argument that they raised below was about whether the prosecution's theory of the case was viable under state law. Whether it was appropriate for the prosecution to charge falsifying business records, where one of the predicate crimes was a violation of Election Law 17-152. And they made various arguments, separate from preemption, about why it was not permissible to do that. Election Law 17-152 requires that a conspiracy to promote an election be done by unlawful means. And there were arguments in state court about what qualifies as unlawful means under that statute as well. Purely state law issues having nothing to do with federal law here. Now, there are federal defenses that the defendant has raised. And of course, he has his evidentiary arguments here. But those can be raised in the ordinary course on appeal. And the Supreme Court, in declining to stay the sentencing in this case, specifically noted that those evidentiary claims could be raised in the state court appeal in sending this case back down for a defendant to be sentenced. Would resolution of any of those state court issues eliminate the need to address any of the federal questions? It would. If, and again, we don't think this should be true, but if it is the case that the basic theory of prosecution here was improper, then there would be no need to resolve any of the evidentiary or other issues raised in this case. They raised a claim about pre-indictment delay, a purely state law issue. Or it's a mix of a state law issue and a federal due process issue, but not one that is their basis for removal. That would also require dismissal of the charges. Of course, they raised a sufficiency claim. That would require reversal without any consideration of the federal law issues here as well. And- Let me just go back to the relating to language. Usually, as I understand it, the term relating to is given a very broad instruction. And I think what you're doing is asking us to give it a narrower instruction than is ordinarily the case. Why should we agree with you? And am I wrong that usually we give that term, that phrase, a very broad construction? Well, I think there's sort of a category distinction being made here. Our argument here is that if you look at the conduct underlying the criminal charges, the question under the federal statute, is there some factual connection, right? Connection in the commission of the underlying conduct between that conduct and an act under color of office. That is not the same as the question of whether every piece of evidence introduced at trial has a connection. Of course, every piece of evidence introduced at trial- And this is the fundamental disagreement between you and Mr. Wall, it seems to me. It is the fundamental disagreement, but what defense counsel doesn't quite acknowledge is that evidence can come in at trial that isn't sort of constitutive of the crime itself. It's not intrinsic to the crime being committed. That's why I use the example of a confession. A defendant may confess to a crime, right? The confession itself is not the crime. The confession itself is not sort of part of the transactions leading to the criminal charges. It is evidence that the crime took place that is true. And that's what's happening here with essentially all of the evidence that they're complaining about. It is defendant's or his compatriot's recollections of the crime that took place involving purely unofficial and private conduct from before. So you would, I'm sorry. I'm sorry, please, go ahead. But nonetheless, the Supreme Court used very broad language in talking about evidentiary immunity. And Justice Barrett disagreed with that approach. But the language was broad and so even if your distinction you draw right now is a persuasive one, why is it not inconsistent ultimately with what the Supreme Court said in its immunity decision? Well, let me say two things in response. One is the Supreme Court was not considering the removal question of whether it was related to the criminal charges. But second, even on the evidence itself, there are compelling reasons here to think that the testimony was not about defendant's official conduct in the White House at all. And it's because of what I was saying before about the subject matter of those conversations. Again, the premise here, which defendant no longer contests, is the criminal charges were about private and unofficial conduct. The conversations that were testified to at the state criminal trial were about that private unofficial conduct. If a president, as the Supreme Court has said, continues to engage in unofficial behavior in the White House, then he can have conversations about unofficial behavior in the White House. And that does not transform those private conversations about private behavior into evidence of official acts, which is the evidence the Supreme Court said could not be introduced. And the idea is that there was no request for any official information or communication, for example, with the President and Ms. Hicks, is that right? That's correct. There was no concrete evidence adduced that either the purpose or the outcome of those conversations was something like an official press release or an official statement there. And I think that contrast is telling, again, for two reasons. One is if what had happened was this prosecution was, for example, based upon what was said by the White House in official communications, that would be a criminal prosecution for relating to an act in the color of office, one. And then two, if it were in fact connected to some official communication, there would be a better argument there that it is evidence of an official act. But we're missing that evidence here, not only for Hope Hicks' testimony, but for the other testimony from Michael Cohen and Madeline Westerhout. And Mr. Wall pointed to the conversation with the Attorney General in particular. Could you address his argument? Sure, that is a real overstatement of the testimony here. The testimony was from Michael Cohen reporting to another third party, so not to another official, that the defendant had told him he would go to the Attorney General to deal with an FEC inquiry. There's a couple problems with this. One is that there's no indication this conversation ever took place. Defendant disputed that it took place. And so, what we have here is not an actual communication with the Department of Justice, which was that issue in the federal prosecution. But instead, defendants, what I might call an empty promise to do so. And there's no indication that that kind of an empty promise is protected by official acts of immunity. Two- We're being very granular, I'm sorry, go ahead. We're being very granular here, and it seems to me that we got a very big case that created a whole new world of presidential immunity, and that the boundaries are not clear at this point. Isn't that precisely why we have a standard like colorable? It is, Your Honor. Let me go backwards through this. Even at the status of the merits, there is not a colorable federal defense here, given the nature of the testimony that came in, right? It was not just that this Attorney General conversation probably never took place. But also that at the end of the day, what the President was doing was saying something to somebody that he conceded was his personal attorney handling his personal affairs, including his personal affairs in responding to an FEC inquiry. This is very far removed from the evidence that was at issue in the federal prosecution, which involved the defendant as President in his first term speaking to the Department of Justice about official actions. That's sort of at the merit stage. But even before getting there, the Supreme Court's decision does not change the fact that this case doesn't meet the four or relating to standard. Supreme Court was talking about an evidentiary privilege. It was not saying, and it never said, that any introduction of such evidence allows a federal officer to come to court. And even before then, to take another step back, the fact that defendant failed to diligently pursue his relief, as the Supreme Court's decision came down, and the fact that this case involves not just these issues, but many other state law issues as well, gives good cause for the district court not to accept a second notice of removal. Can you help me understand, and it may be an immaterial distinction, but one of the things I have been musing over is that you are using language of delay and diligence in terms of what the obligation was of your friends on the other side in order to avail themselves of good cause. Is it perhaps more thought of they had the opportunity and made a strategic decision not to? They're related, but can you help me parse out how you think we should understand and articulate good cause? Yes, I think that's exactly how I would think about it, is that they had a choice, but they were fully aware of it because they sought removal before, after the Supreme Court's decision came down. But is that right? Did they also not have the choice to present the argument of absolute immunity from the junk? That's absolutely correct. That's absolutely correct. And they didn't present absolute immunity in the first removal. And then after the Trump decision came down in July, they chose, as you put it, to go to state court first. I'm putting it anyway. I'm trying to make sure that I understand how we should be thinking about this, because we're going to have to go back and write something. So the language matters. And I think it does matter that the defendant here, at the time the Supreme Court's decision came down, made a conscious decision to go to state court and fully brief this issue before even coming to federal court and trying to get a second notice of removal to be filed. And the reason that this matters and the reason that we're talking about a delay here, even though it was only a two-month delay, is because part of the way that the removal statute minimizes the friction between federal and state courts is to require defendants to move promptly, whether it is after arraignment or after some new triggering event like a Supreme Court decision, to move promptly at that point to make a threshold determination of where to go. Right, but the moving promptly still doesn't sit neatly with the idea of having been able to raise it in the first instance and not needing to have another court be a decider as to whether or not an argument is available. They could have raised it at a prior point in time. So if you can help me just understand, is it really a matter of promptness and diligence? So what I'm trying to say is it is almost no matter which way you slice this, right? If you think, as defendant has put it, the Supreme Court's decision wipes the slate clean. They still did not act sufficiently diligently to meet the general requirements of the statute. But it is also correct to say that the slate is not in fact wiped clean. That defendant did have the opportunity from the first removal proceeding throughout the trial to be raising questions of federal immunity. I mean, one thing is the defense brief, the defense reply brief, claims that it was impossible to raise these arguments any earlier. But that is just incorrect. Defendant knew what testimony might be coming in when they received the grand jury minutes, where the witnesses they're complaining about testify. When they received extensive briefing on this issue, they filed a pretrial motion exactly on these grounds. And so these arguments were available for them long before. And I guess this goes back to sort of the fundamental point here, which is at the end of the day, defendant is not being deprived of any opportunity to raise the federal law issues that he's claiming about. He received extensive opportunities to do so in the state trial court. He has already gone to the appellate division in an attempt to stay the trial and the sentencing, raising these same arguments. And he has a full opportunity for an appeal to the appellate division, to the New York Court of Appeals on both state law and federal law issues, and to the US Supreme Court, to the extent that any of the federal law issues remain live in the case or prejudicial to him after a final judgment from the Court of Appeals. So I'm very clear, you would agree that if the state had changed this theory of the case in the middle of trial, or just before sentence, or at whatever stage of litigation, so that it was clear that the case or the prosecution was for or relating to official acts that the president could have removed at that stage immediately, or sought to remove. I think that I would factor into the good cause determination if there were, in fact, a sharp break in the theory of the state here. But there was not such a sharp break. As I said, the evidence was available to the defendant. New York has very generous pretrial disclosure statutes, was fully available to the defendant months before, while the defendant was litigating the Trump versus United States prosecution. And the election law 17152 predicate, which was the basis for their preemption claim, was part of this case from the very beginning. I think what the defendant complains about here is that during the course of the trial, the prosecution has focused on that claim in particular because of the strength of the evidence. But merely focusing on a claim is very, very different from changing theories such that the defense is knowing for the first time after a change in theory that an argument is available. So I'd like to ask the inverse of the question that my colleague asked Mr. Wall, which is if we disagree with you and we find that post-judgment removal is permissible, how do you think it should be effectuated? Well, so I think there's a couple of answers to that depending on what this court does. The thing I disagree with is the idea that immediately the appellate division appeal is transferred to this court. And that's because for a couple of reasons. One is if this court thinks the district court didn't exercise discretion properly in determining good cause, this court could remand for the district court to make a good cause determination under the appropriate standard. I think that would be the, in a way, the simplest remedy here. Even if this court skips past that and decides for itself as a matter of law that there was good cause to file a second notice of removal, the statute requires the district court to entertain and decide whether to remand the proceeding back to state court. The people have not had the opportunity to file a remand motion yet. The district court has not held a hearing. I think at minimum, the case goes back to the district court to resolve a remand question where we can address these issues in the first instance. Of course, defendant has the opportunity to appeal a remand order at that point. And so we could defer maybe questions about what happens after that late. But I think that would be, again, if this court disagrees with the district court's resolution, the immediate remedy that he would be entitled to. That's what we do, I think, in the ordinary course. Correct. That's correct. For a remand order, that's what this court would do. The idea of, instead, and if I'm understanding Mr. Wall correctly, directly ordering the district court to send the case back to the circuit is not only not provided for in the statute, but extremely unusual. Congress usually is very careful, as this court is aware, to regulate exactly which cases can come from the district court to the circuit. Thank you very much. Thank you very much. So we're from Mr. Wall, obviously, giving each side ample time under second circumstance. There's much to say. So I think removal's available as a matter of the plain text in every circuit court decision to address it. So the court's focused on what I think are the two real issues here. Mr. Wall, hold on one second. Proceed. So I think the two real issues here are 1442 and good cause, so let me take them in turn. On 1442, relating to is very broad language, that's why Congress put it in to broaden the statute. I think some of the categories of evidence here are clear, they're called out by the Supreme Court as decision. But to the extent that there are hard line drawing problems, then we have at least made a colorable threshold showing that we trigger 1442. I was very surprised to hear the district attorney say, look, none of this testimony had anything really to do with the conviction. It's not constituent, it's just sort of, it's in there in some way. Take the one example you gave, Judge Lohier. The White House Communications Director testified on the stand about a conversation in the Oval Office with the President about what she should tell the press about this story and what a White House official should be quoted as saying. During closing arguments, the district attorney referred to that evidence as, quote, devastating. Said it put, quote, a nail in the coffin of the President by showing he was trying to influence the election. This was not minor testimony, this was not around the edges. So I don't think it's about minor or major testimony or evidence. I think the question is whether a conversation like that involves a discussion where the other person, the case you're raising, would do anything in her capacity as communications director. And that would be the official act, it seems to me, but maybe I've got that wrong. That's right, but it was a, I mean, the Supreme Court talks about this in Trump, right? The President's conversations with his advisors about the performance of their duties. That was this, in spades, a conversation with the Communications Director of the White House about how to do her job in talking to the press. What was she going to say about this story? And they said, that's critical evidence for us. That shows the President is trying to influence the election. We've at least made a colorable showing that it relates to the President's performance of his official responsibilities under the Trump decision. Mr. Wolman, I'll ask you a question that was raised and an answer from Mr. Ruehl that was raised near the very end about, let's say that we agree with you, what then? So my understanding, at least in the context of civil cases, is that we would remand back to the district court to make a good cause determination using whatever the appropriate standard is. Obviously, that's part of the dispute here. Why isn't that the appropriate remedy? Because you're asking, I think, for something different, which is to just take it as a court of appeals. We're not used to doing that in the ordinary course. Because the questions that are now in front of the court about good cause are really legal in nature. Look, we had evidence that came in at trial. We have an intervening Supreme Court decision. As a matter of law, was that something we could not have presented earlier? So many of these removal issues in the civil context are, frankly, largely legal in nature. And yet, we nevertheless remand back to the district court if we find error to fix the problem in the first instance as opposed to doing it ourselves. And the court also commonly says, your honor, we have a question in front of us. District court abused its discretion. It's legal in nature. It's fully briefed. We can go ahead and decide it. I'm not fighting the notion that you couldn't remand to Judge Hellerstein. But I think here, it's a play for delay by the district attorney. But there's no legal impediment. There's no legal impediment, but it's a legal question. And it'll come right back up to this court, and we'll be in the same posture we are now, filing the same briefs. This court should just say there is good cause and allow us to get on- Well, maybe Judge Hellerstein will agree with you, and then you wouldn't. Well, then Mr. Wu might fight. But Judge Laurier, if the court agrees with me, as it should, I don't need to go back to the district court. We are talking about an incredibly important appeal by the President of the United States. And if we did, what would happen in the State and the Appellate Division? Would we direct the Appellate Division to cease its review of the case? What happens? No, the Appellate Division is only divested of jurisdiction once there's a properly filed notice of removal. So if you send it back to Judge Hellerstein to determine good cause, right? Judge, in the meantime, unless we all walked in and just asked for a stay, we wouldn't yet have a case where a federal court had said, we're allowed to file the notice of removal. That's why I think it's important that this court say there's good cause, so that the notice is properly filed. Now the state court proceeding is on hold. We come to federal court, and we get to address the merits. This is, after all, an unusual appeal by the President of the United States in a first ever criminal case. I do think we ought to get on with it, in all fairness to the District Attorney. The questions are fully briefed here. On good cause, I don't think the District Attorney has much to say on why it's not good cause. If there's evidence that comes in a trial that we couldn't have anticipated in advance, or an intervening decision of the Supreme Court. That's obviously something we could not have brought up earlier. In our first notice of removal, Judge Perez, we did raise presidential immunities. We didn't raise the evidentiary immunity because we didn't have Trump yet. So it is true, once Trump comes down and tells us there's an evidentiary immunity, we do walk straight into the state court. And then I understand the District Attorney being able to make two arguments. The first is, well, if they'd done it in 30 days, but they did it in 58 because they gave the state court an opportunity. Nothing about this would be different as a matter of good cause. If we had come in in 30 days rather than 58, they'd be here saying we jumped the gun. There was no prejudice to anyone from the additional 28 days, and we acted reasonably in giving the state court a shot. So then they just say, they could have raised all this in their first notice. That isn't true. In our first notice, they said, hey, we're not going to touch official acts, and who knows whether this is going to have anything to do with federal law, and Judge Hellerstein credited those representations. I'm not saying those representations weren't intended to be true at the time, but they turned out not to be true. That evidence did come in, and we got a decision from the Supreme Court telling us it's constitutionally protected, and they put FICA in front of the jury. At that point, we now know that we have a federal case. And just taking a step back, this is the President of the United States, a first ever criminal prosecution of the President by a district attorney. It rests at bottom potentially on a federal law violation, and it was proven up with evidence that we now know is protected by a federal constitutional violation. If that were a federal court's exam, and you asked, is this a federal case or a state case? It's hard to imagine a professor or student who would not say, that's a federal case. Everything about this cries out for federal court. We can have our merits arguments back and forth on the scope of that evidentiary immunity, but the scope of a federal constitutional immunity for the President of the United States should be decided by this court and the Supreme Court, not by New York State courts. So, I think one of the main arguments that Mr. Wu has been making, obviously to the briefs, but I think it was clarified at least for me this morning, is that the charge conduct itself has got to be in some way connected or associated with the defendant's acts under color of federal office. And if he's right about that, just assuming he's right about that, how is that connection or association present in this case? Because the way that they proved that he unlawfully attempted to influence an election was by introducing testimony that's covered by the evidentiary immunity about the President's conversations with people like the Attorney General and the Communications Director. This was not the post office worker who walks into the office and happens to confess to a colleague, and the confession could have been to anyone. So, I think the response is that these three pieces of evidence, however many bits of testimony, were not really constitutive of the charged conduct. What's your response to that? Well, I think it's sort of true and false, Your Honor. It is true that there are various ways they could have tried to prove up that the President had influenced the election without using evidence of the way the President had done his job. So, it wasn't inherent to their legal theory in that sense. It's almost a harmlessness analysis. So, that's the second thing I was going to say, Judge Leahy, which is, okay, fine. They get to decide how they want to prove this conspiracy to influence the election. But once they settle on a factual and legal theory that involves showing how the President did his job, now you're at relating to, and again, as you said, as one of your questions asked, the whole point of the amendment was to, I don't want to attribute a position to you, but I will attribute it to Congress. In 2011, Congress said this causal nexus that lower courts have been doing based on the four is too tight. We don't like it. And they put in relating to, and the Supreme Court has said, as the court knows, that language is as broad as it gets. And so, you've got several courts of appeals, but I think the Fifth Circuit en banc decision in Latte Allee is quite good on this. It doesn't say, oh, it has to be causally connected. They say it just has to be associated with or relate to in some way. And again, once you take that looser standard and you add on the colorability standard of the pleading standard, then we easily satisfy that here, Judge Lowe. And I guess the last thing I would say is, just as I made reference to the fact that the Supreme Court looked at this on the stay of the criminal sentencing and said it can go. Yes, the Supreme Court said you can raise these arguments in due course on appeal, right? Five to four, four of them wanted to stay the sentencing, five said no. But nothing about that was meant to say where the appeal should go on. No one was talking about federal or state court. And I think the Supreme Court would be sort of stunned to find that we've recognized a federal constitutional immunity, right? So important, so structural in nature, they say that the usual prosaic rules do not apply. Not the usual rules of evidence and all the rest. They say it's about the institution of the presidency and we cannot have this evidence in front of juries. That's a structural error analysis. That's not a harmlessness analysis. And I think then to turn around and say, but that's not even enough to trigger federal jurisdiction. So we can go to state court and we can get a conviction thrown out on federal constitutional grounds. But that's not enough as a federal officer, the supreme executive officer of the United States, to just get the case into federal court. I think that's stunning. What you're suggesting though, is that even a delay in seeking removal of several months would vitiate good cause because of the importance of the case. Is that fundamentally what you're saying? No. At some point? No, Judge Lilley. I'm not saying that if we had really sat on our hands, that couldn't have defeated a showing of good cause. I'm saying on the facts here, I don't see how a reasonable jurist could conclude that we were sitting on our hands. Because we took it to the state court judge the very day the decision came down. We had a briefing schedule where we got it briefed inside of 30 days, both sides fully briefed up. And then five days or six days after the briefing finishes, the state court judge says, I'm going to deal with this on September 16th and I'm going to sentence him on September 18th. And at that point we said, okay, well you're not going to deal with immunity right away. And then you're immediately going to sentence him, so we can't interlocutory appeal the immunity ruling. Now we have no choice. We've got to go to federal court. Keep in mind, Judge Hellerstein didn't rely on this. So when he says alternate ground for affirmance under an abusive discretion standard review, what he means is, this court's got to say, not just that someone could conclude that we unreasonably delayed. But it's so clear that the 58 day delay versus the 30 was no reasonable jurist could say, we should have been able to file this notice of removal. That, I think, would be remarkable. The stakes here are high, and we would ask that the court allow us to file the notice of removal, and get on with this case on the merits where it should be heard in federal court. Thank you very much, Mr. Wall. Thank you, Mr. Wu, very well argued. We'll take the matter under advisement, and